IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MARVIN CONTRERAS,**

    **Plaintiff,**

    vs.                                      Civ. No. 12-746 LH/ACT

**RAY TERRY, Warden of Otero County
Processing Center, in his official capacity,
ADRIAN MACIAS, El Paso Field Office
Director, Immigration and Customs Enforcement,
ERIC H. HOLDER, Jr., U.S. Attorney General
in their official capacity,**

    **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]**

**THIS MATTER** is before the Court on Petitioner's Petition for Writ of Habeas Corpus and Immediate Release From Custody [Doc. No. 1], filed July 10, 2012 ("Petition"). Respondents filed a Response [Doc. No. 4] on August 13, 2012 (Response), and Petitioner filed a Reply [Doc. No. 7] on August 23, 2012 ("Reply"). Petitioner filed a Notice of Recently Decided Additional Authority [Doc. No. 9] on November 28, 2012. Having considered the parties' submissions, relevant law, and the record in this case, the undersigned recommends that the Petitioner's Petition for Writ of Habeas Corpus and Immediate Release From Custody be GRANTED and that Petitioner be brought before an immigration judge within twenty-one days of the entry of an order adopting this recommendation.

---

[1] On Order of Reference [Doc. No. 6] was entered on August 21, 2012, referring this case to Magistrate Judge Alan C. Torgerson to conduct, hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case.

The Court has jurisdiction over this § 2241 petition because Petitioner was confined in New Mexico at the time he filed the petition. [Doc. No. 1 at 6.] *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986) ("A § 2241 petition for a writ of habeas corpus must be addressed to the federal district court in the district where the prisoner is confined.").

## PROPOSED FINDINGS

Petitioner is a citizen of Guatemala and was admitted to the United States as a temporary resident on September 10, 1980, when he was only 7 years old. [Doc. 1 at 3, 6.] On December 2, 2002, Petitioner pled guilty to two counts of criminal sexual penetration in violation of NMSA 1978 § 30-9-11(F). [Doc. 1 at 6.] Petitioner was sentenced to eighteen (18) months confinement for each count for a total term of incarceration of three (3) years. [Id.] One year of Petitioner's sentence was suspended and Petitioner received a pre-sentence confinement credit of 138 days. [Id.] Petitioner was additionally ordered to serve a period of unsupervised probation. [Id.] On November 29, 2004, Petitioner received a certificate of completion of sentence and his case was closed. [Id.]

On May 9, 2012, Petitioner was arrested and taken into Immigration and Custom Enforcement (hereinafter "ICE") custody. [Doc. No. 1 at 7.] This arrest occurred over seven (7) years after the Petitioner's completion of his sentence and probation. [Id.] Petitioner is currently being held at the Otero County Processing Center. [Doc. No. 1 at 3.] Petitioner is being detained under the provisions of 8 U.S.C. § 1226(c) and U.S.C. § 1227(a)(2)(A)(i).  Under the mandatory detention provision, Petitioner is not entitled to a bond hearing, and an immigration judge would not have jurisdiction over a bond motion.  See 8 U.S.C. § 1226; 8 C.F.R. § 1008.19(h)(2)(i)(D);

*Matter of Rojas*, 23 I. & N. Dec. 117 (B.I.A. 2001).  Petitioner has no administrative remedies available to him at this time. [Doc. No. 1 at 5.]

Petitioner filed his Petition against Ray Terry (Warden of Otero County Processing Center), Adrian Macias (Field Office Director for the El Paso Field Office of ICE), and Eric H. Holder, Jr. (Attorney General of the United States).  Petitioner requests that this Court remand this case to the Executive Office for Immigration Review ("EOIR") to set a bond hearing under 8 U.S.C. § 1226(a) with a time limitation, and if EOIR is not able to grant a hearing within a reasonable limitation set by this Court, for Respondents to release Petitioner.  Petitioner asserts that Mr. Macias and Mr. Holder are proper respondents because "in the event this Court does not order Petitioner's release but instead wishes to give Petitioner the opportunity to apply for bond, it has jurisdiction to so order the responsible parties." [Motion at 4-5.]  Respondents contend that Mr. Macias and Mr. Holder are improperly named as Respondents and should be dismissed because the proper respondent to a habeas petition is the person who has custody over the petitioner.

Petitioner argues that the mandatory detention provision of § 1226(c) that allows the Attorney General to take into custody any alien who is deportable on the basis of an offense for which the alien has been sentenced to a term of imprisonment of at least one year does not apply to the Petitioner because the plain language of the provision indicates mandatory detention only occurs "when the alien is released" from criminal custody. [Motion at 8.]  Here, the Petitioner was taken into custody by ICE nearly eight (8) years after his release from incarceration and over seven (7) years after his sentence was completed. [Id.]  Petitioner rejects the Respondents' reliance on *Matter of Rojas*, 23 I. & N. Dec. 117 (BIA 2001), wherein the Bureau of Immigration Appeals ("BIA") held that ICE does not have to detain a person immediately after release from

3

criminal custody for mandatory detention under § 1226(c) to apply. [Doc. No. 1 at 8-9.] Petitioner contends that the BIA's reasoning has been rejected by a multitude of district court decisions, including the District of New Mexico, and that the BIA case is not entitled to deference by this Court. [Doc. No. 1 at 11.]

Respondents assert that Petitioner has been lawfully detained since May 9, 2012, in accordance with the mandatory detention provisions of 8 U.S.C. § 1226(c). [Response at 1.] Respondents argue that the "when released" clause is ambiguous and therefore this Court should defer to the Board's formal interpretation of that clause as articulated in *Matter of Rojas*, 23 I. & N. Dec. 117 (BIA 2001).

## DISCUSSION

### A.  Proper Respondents

Petitioner contends that Respondents Macias and Holder, Jr., are proper respondents because they have jurisdiction to order the proper parties to provide Petitioner a bond hearing if the Court grants that request. [Motion at 3-4.] Respondents, relying on *Rumsfeld v. Padilla*, contend that Respondent Terry is the only proper respondent in this case because he has custody over Petitioner. [Response at 15.]

Pursuant to *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004), "in habeas challenges to present physical confinement - 'core challenges' - the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." (citations omitted).  The custodian is "the person in charge of [the] institution" where the petitioner is confined. *Al– Marri v. Rumsfeld*, 360 F.3d 707, 708 (7th Cir.2004) (citation omitted).  However, the United States Supreme Court has "left open the question of whether the Attorney General is a proper respondent to a habeas petition filed by an

alien detained pending deportation." and noted in *Padilla* that the circuits are split on that question.² *Id.* at 435 n.8.

Here, neither of the parties have cited to Tenth Circuit authority on the issue of whether the Attorney General or ICE Field Director are proper respondents to a habeas petition filed by an alien detained pending deportation, and the Court has not found any. In addition, the United States has presented no reason to exclude Respondents Macias or Holder, Jr., from the proceeding, other than citing to *Padilla*, which did not rule on this issue. Warden Terry alone presumably has no authority to order a bond hearing before the EOIR judge because EOIR is an office within the Department of Justice, and the Otero County Processing Center is under the supervision of DHS/ICE. *See* 8 C.F.R. §§ 236.1, 1003.0(a); UNITED STATES DEPARTMENT OF JUSTICE, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, THE IMMIGRATION COURT PRACTICE MANUAL (2009) *available at* http://www.justice.gov/eoir/vll/ OCIJPracManual/ocij_page1.htm; *see also Ortiz v. Holder*, 2012 WL 893154, at *2, n.3 (D. Utah March 14, 2012) (declining to dismiss other respondents because warden presumably had no authority to obtain a bond hearing before an Immigration Judge). Further, the relief requested by the Petitioner implicates both administrative agencies. *See Heras-Quezada v. Terry*, USDC NM Civ. No. 2:12-00615 JP/WPL, Doc. No. 12 at 2-3 (D.N.M. Sept. 10, 2012)(finding that Holder and Macias were properly named parties because relief requested required action by both

---

[2] The Sixth Circuit has adopted the immediate custodian rule with the caveat that in very "extreme" circumstances, the Attorney General might be the appropriate respondent. See *Roman v. Ashcroft*, 340 F.3d 314, 323, 325 (6th Cir. 2003). *Roman* cited to *Demjanjuk v. Meese*, 784 F.2d 1114 (D.C. Cir. 1986), as an example of an extreme circumstance. In *Demjanjuk*, the court found that the Attorney General was properly named as a defendant when the petitioner was held in custody at an undisclosed location, known not even to petitioner's counsel, while awaiting extradition. 784 F.2d at 1115-16.

administrative agencies). For these reasons, this Court recommends that Respondents Macias and Holder, Jr., as well as Respondent Terry, remain as Respondents in this proceeding.

### B. Mandatory Detention Under Section 1226(c)

Section 1226(a) authorizes immigration officials to arrest, detain, and ultimately release immigrants pending their removal proceedings upon an individualized assessment for bond, parole, or other forms of supervised release. 8 U.S.C. § 1226(a). Section 1226(c) is an exception to this broad authority for detention and release, delimiting a narrow class of people who are subject to no-bond, mandatory detention- namely, individuals whom immigration officials detain "when the alien is released" from criminal custody for qualifying offenses.

8 U.S.C. § 1226(c)(1) states:

(c) Detention of criminal aliens

    (1) Custody

The Attorney General shall take into custody any alien who--

    (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,

    (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,

    (C) is deportable under section 1227(a)(2)(A)(i)[3] of this title on the basis of an offense for which the alien has been sentence to a term of imprisonment of at least 1 year, or

    (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,

---

[3] (a) Classes of deportable aliens . . . (2) Criminal offenses (A) General crimes (i) Crimes of moral turpitude – Any alien who– . . . (II) is convicted of a crime for which a sentence of one year or longer may be imposed, is deportable. 8 U.S.C. 1227(a)(2)(A)(i).

6

> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1).

Petitioner argues that the individuals described in § 1226(c)(1) are subject to mandatory, no-bond detention pending their removal *only if* they are detained by ICE immediately upon release from custody for an offense enumerated in the statute. In addition, Petitioner argues that Congress did not intend for mandatory detention to apply to immigrants who are detained by immigration officials months or, in this case, years after their re-entry into society following a criminal conviction. Respondents contend that the Bureau of Immigration Appeals ("BIA") properly interpreted § 1226(c) to include detention at any point after release from criminal custody. In addition, Respondents contend that this Court should give deference to the BIA's interpretation of the statute and find that Petitioner is properly detained.

It is well settled that administrative agencies have the authority to interpret the very statutes that they administer. *Morton v. Ruiz*, 415 U.S. 199, 231 (1974). It is as equally well settled that the judicial branch is the final arbiter on statutory construction and may review an agency's interpretation. *See FEC v. Democratic Senatorial Campaign Comm.*, 454 U.S. 27, 32 (1981); *SEC v. Sloan*, 436 U.S. 103, 117-118 (1978); *Fed. Mar. Cmm'n v. Seatrain Lines, Inc.*, 411 U.S. 726, 745-46 (1973); *FTC v. Colgate-Palmolive Co.*, 380 U.S. 374, 385 (1965). A court reviewing an agency's statutory construction applies a two-part test to determine whether the statute is ambiguous and, if so, whether the agency's construction is reasonable. *Chevron, U.S.A., Inc. v. National Resource Defense Council, Inc.*, 467 U.S. 837, 842-43 (1984). Under *Chevron*, the Court must first determine whether "Congress has directly spoken to the precise question at issue," and, if it has, the Court "must given effect to the unambiguously expressed

intent of Congress." 467 U.S. at 842-43 (footnote omitted). If Congress has been silent or used language that is ambiguous, then an agency's interpretation of the statute is given controlling weight unless it is arbitrary, capricious or manifestly contrary to the statute. *Id.* at 843-44 (footnote omitted). Deference is appropriate where "congress delegate[s] rule making power to an agency and thereby [seeks] to rely on agency expertise in the formation of substantive policy." *Jurardo-Gutierrez v. Greene*, 190 F.3d 1135, 1148 (10th Cir. 1999) (citation and internal quotations marks omitted).

While the Tenth Circuit Court of Appeals has not addressed whether the mandatory detention provision of § 1226(c) should apply to an alien who was not taken into custody *immediately* upon release, most federal district courts, including this Court, that have ruled on this issue have agreed that "when the alien is released" *unambiguously* means immediately after release from custody and have rejected the BIA's interpretation of § 1226(c) as articulated in *Matter of Rojas*. *See Melero-Valdez v. Terry*, 874 F.Supp.2d 1262 (D.N.M. April 18, 2012)(Parker, J.) (holding that § 1226(c) did not apply where the petitioner was detained more than a year after the conviction that made him deportable under § 1227(a)(2)(A)); *Louisaire v. Muller*, 758 F.Supp.2d 229, 236 (S.D.N.Y.2010) ("*Matter of Rojas*, however, is wrong as a matter of law and contrary to the plain language of the statute. The clear purpose of § 1226(c)(1) is to authorize the mandatory detention of immigrants who have committed offenses enumerated within § 1226(c)(1)(A)-(D) immediately upon their release from criminal sentences for those same offenses, even if they are still serving part of their sentence ... under parole, supervised release, or probation.")(citations and internal quotation marks omitted); *Khodr v. Adduci*, 697 F.Supp.2d 774, 774–75 (E.D.Mich.2010) (finding that because § 1226(c) "clearly and unambiguously requires the Attorney General to take into custody certain aliens without delay in

order to make applicable the mandatory detention provisions of 8 U.S.C. § 1226(c), the Court does not defer to the Board of Immigration Appeals' decision to the contrary in *Matter of Rojas*"); *Scarlett v. Dept. of Homeland Sec., ICE*, 632 F.Supp.2d 214, 219 (W.D.N.Y.2009) (holding that § 1226(c) does not apply because the petitioner was not taken into immigration custody until more than eighteen months from the time of his release from incarceration on the underlying criminal charges); *Waffi v. Loiselle*, 527 F.Supp.2d 480, 488 (E.D.Va.2007) (finding that § 1226(c) does not apply to an alien who was taken into immigration custody over a month after his release from state custody); *Quezada–Bucio v. Ridge*, 317 F.Supp.2d 1221, 1231 (W.D.Wash.2004) ("[T]he Court agrees ... that the mandatory detention statute, [§ 1226(c)], does not apply to aliens who have been taken into immigration custody several months or several years after they have been released from state custody.") (footnote omitted); *Parfait v. Holder*, Civil No. 11–4877(DMC), 2011 WL 4829391 at *6 (D.N.J. Oct.11, 201 1) (unpublished) (holding that because "taking the alien into custody more than two and one-half years after the alien is released does not fall within the command to take the alien into custody when the alien is released, the BIA's interpretation is contrary to the plain meaning of the statute"); *Beckford v. Aviles*, Civil Action No. 10–2035(JLL), 2011 WL 3515933 at *7–9 (D.N.J. Aug. 9, 2011) (unpublished) (rejecting reasoning of *Matter of Rojas* and finding that the phrase "when the alien is released" is unambiguous and held that an alien who was taken into immigration custody nearly three years after he was released from incarceration was not subject to mandatory detention under § 1226(c)(1)); *Keo v. Lucero*, No. 1:11cv614, 2011 WL 2746182 *3–5 (E.D.Va. July 13, 2011) (unpublished) (holding that § 1226(c) does not apply when alien was released from incarceration eight years prior to being detained for removal proceedings); *Sylvain v. Holder*, Civil No. 11–3006(JAP), 2011 WL 2580506 at *7 (D.N.J. June 28, 2011) (unpublished)

(holding that § 1226(c) does not apply when alien was released from incarceration four years prior to being detained for removal proceedings); *Dang v. Lowe*, Civil No. 1:CV10–0446, 2010 WL 2044634 (M.D.Pa. May 20, 2010) (unpublished) (same interpretation of § 1226(c)); *Bromfield v. Clark*, No. C06–757RSM, 2007 WL 527511 at *4–5 (W.D.Wash. Feb. 14, 2007) (unpublished); *Boonkue v. Ridge*, No. CV 04–566–PA, 2004 WL 1146525 at *2 (D.Or. May 7, 2004) (unpublished)).

In light of the plain and unambiguous meaning of "when the alien is released," this Court does not agree with the Respondents that arresting an alien over seven years after his release from custody falls within the statute. This Court joins the vast majority of federal courts that have addressed this issue and finds that because Petitioner was not taken into immigration custody when he was released by state officials from his qualifying offense, § 1226(c) does not apply, and Petitioner is entitled to an individualized bond hearing with an Immigration Judge. For these reasons, the Court recommends that Petitioner's Petition be granted.

## **CONCLUSION**

For the foregoing reasons, this Court recommends that Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1] be GRANTED, and that Petitioner be brought before an immigration judge within twenty-one days of the entry of an order adopting this recommendation. This Court further recommends that if the EOIR cannot hold a bond hearing within that time, Petitioner be released from ICE's custody.

Timely objections may be made pursuant to 28 U.S.C. § 636(b)(1)(c). Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(c), file written objections to such proposed findings and

recommendations with the Clerk of the United States District Court for the District of New Mexico.  A party must file any objections within the fourteen (14) days period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**ALAN C. TORGERSON**
**United States Magistrate Judge**