IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MARVIN CONTRERAS,**

       **Petitioner,**

       vs.                                                    Civ. No. 12-746 LH/ACT

**RAY TERRY, Warden of Otero County**
**Processing Center, in his official capacity,**
**ADRIAN MACIAS, El Paso Field Office**
**Director, Immigration and Customs Enforcement,**
**ERIC H. HOLDER, Jr., U.S. Attorney General**
**in their official capacity,**

       **Respondents.**

**ORDER ADOPTING THE MAGISTRATE JUDGE'S**
**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

       **THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 10] filed January 25, 2013. Respondents filed Objections to the Proposed Findings and Recommended Disposition of the United States Magistrate Judge [Doc. 11] on February 5, 2013 ("Objections"). Petitioner filed his Response to Respondents' Objections [Doc. No. 12] on February 13, 2013 ("Response").

       The Court has conducted a *de novo* review of the record and finds that the objections are not well taken. The Court will adopt the Magistrate Judge's Proposed Findings and Recommended Disposition.

**PROCEDURAL AND FACTUAL BACKGROUND**

       Petitioner is a citizen of Guatemala and was admitted to the United States as a temporary resident on September 10, 1980, when he was only 7 years old. [Doc. 1 at 3, 6.] On December 2, 2002, Petitioner pled guilty to two counts of criminal sexual penetration in violation of NMSA

1978 § 30-9-11(F). [Doc. 1 at 6.] Petitioner was sentenced to eighteen (18) months confinement for each count for a total term of incarceration of three (3) years. [Id.] One year of Petitioner's sentence was suspended and Petitioner received a pre-sentence confinement credit of 138 days. [Id.] Petitioner was additionally ordered to serve a period of unsupervised probation. [Id.] On November 29, 2004, Petitioner received a certificate of completion of sentence and his case was closed. [Id.]

On May 9, 2012, Petitioner was arrested and taken into Immigration and Custom Enforcement (hereinafter "ICE") custody. [Doc. No. 1 at 7.] This arrest occurred over seven (7) years after the Petitioner's completion of his sentence and probation. [Id.] Petitioner is currently being held at the Otero County Processing Center. [Doc. No. 1 at 3.] Petitioner is being detained under the provisions of 8 U.S.C. § 1226(c) and U.S.C. § 1227(a)(2)(A)(i).  Under the mandatory detention provision, Petitioner is not entitled to a bond hearing, and an immigration judge would not have jurisdiction over a bond motion.  See 8 U.S.C. § 1226; 8 C.F.R. § 1008.19(h)(2)(i)(D); *Matter of Rojas*, 23 I. & N. Dec. 117 (B.I.A. 2001).  Petitioner has no administrative remedies available to him at this time. [Doc. No. 1 at 5.]

On July 10, 2012, on Petitioner filed his Petition for Writ of Habeas Corpus and Immediate Release From Custody [Doc. 1].  Respondents filed a Response [Doc. 4] on August 13, 2012 (Response), and Petitioner filed a Reply [Doc. 7] on August 23, 2012 ("Reply").  Having considered the parties' submissions, relevant law, and the record in this case, Magistrate Judge Torgerson entered the Magistrate Judge's Proposed Findings and Recommended Disposition recommending that the Petitioner's Petition for Writ of Habeas Corpus and Immediate Release From Custody be granted and that Petitioner be brought before

an immigration judge within twenty-one days of the entry of an order adopting this recommendation. [Doc. 10.]

In his Proposed Findings and Recommended Disposition, Magistrate Judge Torgerson joined the vast majority of federal courts, including this Court, that have addressed the issue of whether the mandatory detention provision of § 1226(c) should apply to an alien who was not taken into custody *immediately* upon release, and have found that "when the alien is released" *unambiguously* means immediately after release from custody and have rejected the BIA's interpretation of § 1226(c) as articulated in *Matter of Rojas*. [See Doc. 10 at 6-10, <u>Discussion</u>, Sec. B.] Magistrate Judge Torgerson recommended that because Petitioner was not taken into immigration custody when he was released by state officials from his qualifying offense, § 1226(c) does not apply, and Petitioner is entitled to an individualized bond hearing with an Immigration Judge.

Respondents ask this Court to "reject the Magistrate Judge's legal conclusion regarding whether, as a released criminal alien, Mr. Contreras is subject to mandatory detention under 8 U.S.C. § 1226(c)." [Doc. 11 at 1.]  In so doing, Respondents ask this Court to align itself with the "ever-growing number of district courts" that have deferred to the Board of Immigration Appeals' formal interpretation of the "when the alien if released" clause as articulated in *Matter of Rojas*, 23 I. & N. Dec. 117 (BIA 2001). [Id.]  Respondents also point to a decision by the Fourth Circuit Court of Appeals, the "only federal circuit court that has ruled on this issue," in which that court held as follows:

> Board of Immigration Appeals' [] determination that criminal aliens were subject to mandatory detention under the Immigration and Nationality Act (INA) and therefore not entitled to a bond hearing, even if they were not detained immediately upon release from state custody, was based on a permissible construction of the INA's mandatory detention provision, and therefore warranted deference under *Chevron*;

>it was far from plain, and indeed unlikely, that Congress intended to exempt a criminal alien from mandatory detention and make him eligible for release on bond if the alien was not immediately taken into federal custody.

*Hosh v. Lucero*, 680 F.3d 375, 379-80 (4th Cir. 2012).

In his Response, Petitioner urges this Court to rule in accordance with the precedent of this Court. [Doc. 12 at 1.].

## **DISCUSSION**

Respondents argue in their Objections that the "when released" clause is ambiguous and this Court should defer to the Board of Immigration Appeals' formal interpretation of that clause as articulated in *Matter of Rojas*, 23 I. & N. Dec. 117 (BIA 2001). Their argument is identical to and virtually verbatim the argument they proffered in their Response to Habeas Petition and Answer. [See Doc. 11 at 3-13 and Doc. 4 at pp. 2-12.] As such, Respondents are asking for exactly what they asked for in their Response, *i.e.*, that this Court align itself on this issue with decisions contrary to its own precedent. This Court declines to do so.

As Magistrate Judge Torgerson pointed out, the Tenth Circuit Court of Appeals has not addressed whether the mandatory detention provision of § 1226(c) should apply to an alien who was not taken into custody immediately upon release. However, *most* federal courts, including this Court, that have ruled on this issue have agreed that "when the alien is released" *unambiguously* means immediately after release from custody and have rejected the BIA's interpretation of § 1226(c) as articulated in *Matter of Rojas*. See *Melero-Valez v. Terry*, 874 F.Supp.2d 1262 (D.N.M. April 18, 2012)(Parker, J.)(holding that § 1226(c) did not apply where the petitioner was detained more than a year following his release on probation for conviction

4

that made him deportable; statute required immediate detention upon alien's release).[1]

Additionally, as noted by Chief Judge M. Christina Armijo in a similar § 2241 case:

> [T]he *Hosh* decision is not binding on this Court, and it does not change the fact that . . . the <u>majority</u> of federal district courts that have ruled on this issue have agreed that the language 'when the alien is released' in § 1226(c) unambiguously means immediately after their release . . . .

*Arellano v. Terry, et al.*, No. CV 2:12-0112 MCA/LAM, Doc. 13 at 2-3 (D.N.M. July 30, 2012)(emphasis in original)(citing seventeen cases that have held "when . . . released" is unambiguous).

Here, Petitioner was arrested and taken into Immigration and Custom Enforcement custody seven (7) years after the Petitioner's completion of his sentence and probation. Therefore, the Court agrees with Magistrate Judge Torgerson that because "when the alien is released" unambiguously means immediately after release from custody, and since the majority of district courts, including this one, support this conclusion, the mandatory detention provision in § 1226(c) does not apply to Petitioner. For these reasons, the Court rejects the Respondents' Objections.

## CONCLUSION

**IT IS THEREFORE ORDERED**, for the reasons stated above, that the Respondents' Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 10] are **ADOPTED** by the Court;

---

[1] See Doc. 10 at pp. 8-10 for Magistrate Judge's full discussion of federal district court cases finding that "when the alien is released" unambiguously means immediately after release from custody.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus and Immediate Release from Custody [Doc. 1] is **GRANTED** and Petitioner should be brought before an immigration judge within twenty-one (21) days of entry of this order;

**IT IS FURTHER ORDERED** that if Petitioner is not given a hearing within that time period, Petitioner be released pending issuance of a removal order; and

**IT IS FURTHER ORDERED** that this case be **DISMISSED WITH PREJUDICE** and that a final judgment be entered concurrently with this order.

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**