IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MARVIN CONTRERAS,**

        Petitioner,

        vs.                             Civ. No. 12-746 - LH/ACT

**RAY TERRY, Warden fo Otero County
Processing Center, in his official capacity,
ADRIAN MACIAS, El Paso Field Office,
Director, Immigration and Customs Enforcement,
ERIC H. HOLDER, Jr., U.S. Attorney General
in their official capacity,**

        **Respondents.**

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      **THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed November 25, 2013, regarding Petitioner's Motion for Attorneys' Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). [Doc. 18.]  On December 9, 2013, Petitioner filed Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition ("Objections").  [Doc. 19.] No response was filed.

### PROCEDURAL AND FACTUAL BACKGROUND

      On May 9, 2012, Petitioner was arrested and taken into Immigration and Custom Enforcement (hereinafter "ICE") custody. [Doc. No. 1 at 7.] This arrest occurred over seven (7) years after the Petitioner had completed a sentence and probation related to an earlier offense. [Id.] Petitioner was held at the Otero County Processing Center and detained under the provisions of 8 U.S.C. § 1226(c) and U.S.C. § 1227(a)(2)(A)(i).  [Doc. No. 1 at 3.]  Under the mandatory detention provision, Petitioner was not entitled to a bond hearing, and an immigration

judge would not have jurisdiction over a bond motion. See 8 U.S.C. § 1226; 8 C.F.R. § 1008.19(h)(2)(i)(D); *Matter of Rojas*, 23 I. & N. Dec. 117 (B.I.A. 2001). Petitioner had no administrative remedies available to him at that time. [Doc. No. 1 at 5.]

Petitioner filed a Petition for Writ of Habeas Corpus and Immediate Release From Custody against Ray Terry (Warden of Otero County Processing Center), Adrian Macias (Field Office Director for the El Paso Field Office of ICE), and Eric H. Holder, Jr. (Attorney General of the United States). [Doc. 1.] Petitioner argued that the mandatory detention provision of § 1226(c) did not apply to him because the plain language of the statute indicates that the mandatory detention provision should only apply to an alien who is taken into custody *immediately* upon release from custody. In this case, Petitioner's arrest occurred over seven (7) years after the Petitioner had completed of his sentence and probation for the earlier offense. [Doc. 1 at 8.] Petitioner requested that this Court remand this case to the Executive Office for Immigration Review ("EOIR") to set a bond hearing under 8 U.S.C. § 1226(a) with a time limitation, and if EOIR was not able to grant a hearing within a reasonable limitation set by this Court, for Respondents to release Petitioner.

On April 24, 2013, the Court entered an Order Adopting Proposed Findings and Recommended Disposition and found that Petitioner was not subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) because Petitioner was not taken into custody immediately following his release from criminal custody. [Docs. 10 and 13.] The Court agreed with Petitioner's position that the statutory language "when the alien is released" *unambiguously* means immediately after release from custody. [Doc. 10 at 8.] The Court ordered that Petitioner be provided an individualized bond hearing pursuant to 8 U.S.C. § 1226(a), and dismissed the case with prejudice. [Doc. 13.]

On July 22, 2013, Petitioner filed a Motion for Attorneys' Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). Petitioner argued in his Motion for Attorneys' Fees that an award of fees is proper in this case because it is timely filed, the Petitioner is the prevailing party, the United States' position was not substantially justified, and there are no special circumstances that make an award unjust. [Doc. 15 at 1.] Petitioner further argued that because this case was complex and required specialized counsel, enhanced fees are proper. [Id. at 6.] Petitioner requested an award of attorney fees, costs and other expenses in the amount of $8,309.54. [Id. at 8.]

Respondents objected to an EAJA award of attorney fees and argued its position in applying the mandatory detention provision of 8 U.S.C. § 1226(c) to Petitioner was substantially justified. [Doc. 16 at 3.] Respondents asserted that there was a reasonable basis in law and fact for its position, and that a reasonable person would have approved of its position even though the Court found in Petitioner's favor. [Id.] As such, Respondents contend that awarding attorney fees under the EAJA is not appropriate. [Id.] Were the Court to consider Petitioner's Motion for Attorneys' Fees, Respondents argued that immigration specialization and market rates do not constitute a "special factor" that authorizes an enhanced rate for attorney fees. [Doc. 16 at 10.]

On November 25, 2013, Magistrate Judge Torgerson entered Proposed Findings and Recommended Disposition and recommended the Court find Respondents' position was substantially justified because the legal landscape on this issue remains uncertain. [Doc. 18 at 5.] In addition, Judge Torgerson stated that while the majority of district courts have found for Petitioner's position, including this Court, "there are a significant number of district courts, along with two circuit courts, that have found for Respondents' position." [Id.] Finally, Judge Torgerson reasoned that there is no Tenth Circuit or Supreme Court precedent on the issue of the

mandatory detention provision of 8 U.S.C. § 1226(c) which binds this Court. [Id.] Judge Torgerson recommended that Petitioner's Motion for Attorneys' Fees be denied. [Id.] Petitioner filed his Objections on December 9, 2013. [Doc. 19.]

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a magistrate judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ."). Rule 72(b)(2) governs objections: "Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Finally, when resolving objections to a magistrate judge's proposal, "the district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

## ANALYSIS

The Court has conducted a *de novo* review of the record and finds that the objections are not well taken.

Petitioner asks this Court to reject the Magistrate Judge's Proposed Findings and Recommended Disposition regarding his Motion for Attorneys' Fees.  While Petitioner essentially reasserts the same argument in his Objections as stated in his Motion for Attorneys' Fees, the Petitioner points to a case from the Western District of Washington, wherein District Judge Ricardo S. Martinez in denying a motion for attorneys' fees cautioned the government that because "at least five orders of the Court . . . have rejected its arguments . . . . any further attempt to assert the same arguments, absent new authority, is no longer reasonable." [Doc. 19 at 2; *Cardenas v. Napolitano*, 2013 WL 6008492 (W.D. Wash. Nov. 13, 2013).] Petitioner argues that the same situation is present here because at the time Respondents stated their position in this case, there were four District of New Mexico decisions on record rejecting the Respondents' arguments.

This Court's review of the District of New Mexico cases reveals that there have been five cases, including this case, that are directly on point involving the mandatory detention provision of 8 U.S.C. § 1226(c), were filed at or near the time this case was filed, and wherein the District of New Mexico rejected the Respondents' argument.[1]  Contrary to Petitioner's argument, however, at the time Respondents stated their position in this case in their Answer filed on August 13, 2012, there had been only *two* decisions entered rejecting the Respondents'

---

[1] *Melero v. Valdez, et al.,* USDC NM Civ. No. 11-897 JAP/LAM -  Order Adopting Proposed Findings and Recommended Disposition entered on April 18, 2012 [Doc. 18]; *Cruz Arrellano v. Terry, et al.*, USDC NM Civ. No. 12-112 MCA/LAM - Order Adopting Proposed Findings and Recommended Disposition entered on July 30, 2012 [Doc. 13]; *Nabi v. Terry, et al.*, USDC NM 12cv259 MV/LAM - Order Adopting Proposed Findings and Recommended Disposition entered on October 29, 2012 [Doc. 28]; *Silvano Heras-Quezada v. Terry, et al.*, USDC NM Civ. No. 12cv615 JAP/WPL - Order Adopting Proposed Findings and Recommended Disposition entered on September 10, 2012 [Doc. 12]; and *Contreras v. Terry, et al.*, USDC NM Civ. No. 12-746 LH/ACT - Order Adopting Proposed Findings and Recommended Disposition entered on April 24, 2013 [Doc. 13].

argument.[2]  Thus, while the Court agrees that at some point asserting a rejected argument absent new authority becomes unreasonable, the Court is not persuaded that the Respondents' argument as stated on August 13, 2012, was not substantially justified in the face of only two decisions from this Court, a different judge, other district court and circuit court opinions in their favor, and no Tenth Circuit law on point.  Thus, the Court agrees with the reasoning in Judge Torgerson's Proposed Findings and Recommended Disposition in denying Petitioner's Motion for Attorneys' Fees.

For these reasons, the Court overrules Petitioner's Objections and enters this Order Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Attorneys' Fee Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) [Doc. 15] is **DENIED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[2]  *Melero v. Valdez, et al.,* USDC NM Civ. No. 11-897 JAP/LAM - Order Adopting Proposed Findings and Recommended Disposition entered on April 18, 2012 [Doc. 18]; and *Cruz Arrellano v. Terry, et al.*, USDC NM Civ. No. 12-112 MCA/LAM - Order Adopting Proposed Findings and Recommended Disposition entered on July 30, 2012 [Doc. 13].